836 So.2d 328 (2002)
Brenda PIERCE, Individually and Appearing in Her Capacity as the Provisional Tutrix of the Minor Child, Russell H. Hayden, et al.
v.
TANGIPAHOA PARISH SCHOOL BOARD, et al.
No. 2002 CA 0139.
Court of Appeal of Louisiana, First Circuit.
December 20, 2002.
*330 Gary T. Chapman, Amite, Counsel for Plaintiffs/Appellants, Brenda Pierce, et al.
Christopher M. Moody, Deshea S. Richardson, Hammond, Counsel for Defendants/Appellees, Tangipahoa Parish School Board and Ora Finn.
Before: PARRO, JAMES, and PATTERSON, JJ.[1]
PATTERSON, J. Pro Tempore.
This case arose out of an incident at Amite High School, in which a group of students fashioned blow darts out of sewing needles and straws and blew them at other students on March 12, 1997.
On January 28, 1998, suit was filed by Brenda Pierce, individually and on behalf of her minor son, Russell H. Hayden; David Verberne, Sr., individually and on behalf of his minor son, Robert M. Verberne; Christina M. Braase; Josie Easley, individually and on behalf of her minor daughter, Jennifer R. Easley; Jessica L. Guyllette; Jesse S. Mutz, Jr., individually and on behalf of his minor son, Chad J. Mutz; Fay Norwood Duffy, individually and on behalf of her minor daughter, Melony N. Norwood; Kevin Williams; and Cathy O'Hara Morgan, individually and on behalf of her minor son, Michael D. O'Hara. Named as defendants were the Tangipahoa Parish School Board (the School Board); United National Insurance Company; Ms. Ora Finn, the school principal; Harry Hose, Sr. and Mary Ann Hose, parents of their minor child, Harry Hose; Vicki Cuti and Delores Callihan, the guardian and the mother of the minor child, Kelly Callihan; "John" Hart, father of the minor child, Caleb Hart; and XYZ Insurance Company.
The petition asserted that injuries and damages were caused by the darting attacks made by students Harry Hose, Kelly Callihan and Caleb Hart upon the minor plaintiffs, who were students at Amite High School. The petition asserted that the students who were darted suffered past and future pain and suffering, past and future mental anguish, past and future emotional distress, past and future loss of enjoyment of life, past and future medical expenses, fear of contraction of a communicable disease, and other damages to be shown at trial.
On November 9, 2000, Ms. Finn and the School Board filed a motion for summary judgment or partial summary judgment, asserting that the plaintiffs would be unable to establish any theory of liability against the School Board for the injuries claimed. In the alternative, the School Board asserted that the plaintiffs could not prove mental anguish and emotional distress based on the fear of contracting a disease. The School Board asked that the plaintiffs' claims be dismissed in their entirety, or in the alternative, that the claims of mental anguish and negligent infliction of emotional distress based on the fear of contracting a communicable disease be dismissed.
In support of the motion for summary judgment, the defendants attached the depositions of the following students: Jennifer Easley, Jessica Guyllette, Christina Braase, Russell Hayden, Michael O'Hara, and Melony Norwood Snow, as well as the affidavit of Ms. Finn. The depositions of these students establish that they suffered minimal injury from the sewing needles. Ms. Finn's affidavit established the following facts: she was aware of no prior incidents involving blow darts at Amite High School; shortly after Ms. Finn was informed *331 of the darting incidents, all those who were darted were instructed to report to the school office; the boys who darted the others were suspended from school; no further darting incidents occurred after March 12, 1997; and the school authorities instructed all of the students who were darted, and their parents, of the need to have HIV and Hepatitis B tests performed. The record shows that none of the students who were darted contracted any communicable disease.
The plaintiffs did not file an opposition to the motion for summary judgment. The trial court granted the School Board's motion for summary judgment, ruling that the plaintiffs would be unable to establish any theory of liability against Ms. Finn and/or the School Board. Further, the trial court ruled that on the issue of mental anguish, the petitioners had not shown a "channel of infection" and thus, there was no element of mental anguish on any of the plaintiffs' claims against any defendant.
The plaintiffs filed a motion for new trial. A hearing was held on the motion for new trial, at which time the plaintiffs conceded they had no opposition to the granting of summary judgment on the issue of mental anguish for fear of contracting a communicable disease, however, they argued that there was no evidence in the depositions or the affidavit as to whether the children were being properly supervised at the time of the darting incident. The trial court denied the motion for new trial.
The plaintiffs are appealing the summary judgment, and make the following assignment of error:
The Trial Court erred in granting the motion for summary judgment filed by Ora Finn and the Tangipahoa Parish School Board, dismissing Ora Finn and the Tangipahoa Parish School Board from the lawsuit, and dismissing plaintiffs' claims for mental anguish against any defendant.
The plaintiffs assert that, although the motion for summary judgment only asked that the claim for mental anguish resulting from the fear of contraction of a communicable disease be dismissed, the trial court's judgment dismissed all claims for mental anguish as to any defendant. Plaintiffs concede they have no claim for the fear of contracting a communicable disease, as they have not shown a channel of infection. However, they assert they have valid claims for general damages resulting from being struck with needle blow darts.
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1183. Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966B.
A school board, through its agents and teachers, owes a duty of reasonable supervision over students. See La. C.C. art. 2320. The supervision required is reasonable, competent supervision appropriate to the age of the children and the attendant circumstances. This duty does not make the school board the insurer of the safety of the children. Constant supervision of all students is not possible nor required for educators to discharge their duty to provide adequate supervision. Wallmuth v. Rapides Parish School Board, 01-1779, 01-1780 (La.4/3/02), 813 So.2d 341, 346.
*332 Before liability can be imposed upon a school board for failure to adequately supervise the safety of students, there must be proof of negligence in providing supervision and also proof of a causal connection between the lack of supervision and the accident. Before a school board can be found to have breached the duty to adequately supervise the safety of students, the risk of unreasonable injury must be foreseeable, constructively or actually known, and preventable if a requisite degree of supervision had been exercised. Wallmuth, 813 So.2d at 346.
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C. P. art. 966(C)(2).
The only basis for the plaintiffs' claims against the principal and the School Board is negligent supervision. The plaintiffs bear the burden of proof at trial on those claims. Therefore, according to La. C.C.P. art. 966(C)(2), the mover only needs to point out to the court that there is an absence of factual support for one or more elements essential to their claim. In this case, the principal's affidavit established that there were no previous reported incidents of this kind of behavior and, upon learning of the situation, the principal took appropriate steps immediately to address the problem. The plaintiffs filed no opposition. At the hearing on the motion, the trial court allowed the plaintiffs to introduce their answers to interrogatories; however, none of these allege a lack of supervision. Nor can negligent supervision be inferred from the mere fact that these incidents occurred. The plaintiffs failed to produce any factual support for this claim, much less factual support sufficient to establish that they would be able to satisfy their evidentiary burden of proof on this issue at trial. Accordingly, there was no genuine issue of material fact, and summary judgment on this issue was appropriate. See La. C.C.P. art 966(C)(2) and La. C.C.P. art 967.
Regarding mental anguish claims for fear of contracting a communicable disease, in order to establish a cause of action, a plaintiff must be able to demonstrate the presence of HIV (or other blood-borne and/or contagious disease) and a channel of exposure or infection. Absent such a showing, a plaintiff's fear of contracting HIV (or other serious illness) would be speculative and not sufficiently reasonable as a matter of law to impose liability. Falcon v. Our Lady Of The Lake Hospital, Inc., 98-0714 (La.App. 1 Cir. 4/1/99), 729 So.2d 1169, 1173.
Therefore, while it was appropriate for the trial court to grant summary judgment finding no element of mental anguish for the fear of contracting communicable diseases because of a lack of a "channel of infection," it was inappropriate for the trial court to grant summary judgment ordering that there was no element of mental anguish on any of the claims against any defendant.
For the foregoing reasons, the trial court judgment is affirmed in part and reversed in part. That portion of the summary judgment dismissing the claims against the School Board and its principal, *333 Ms. Finn, is affirmed; that portion of the summary judgment finding no mental anguish claims against any defendant is reversed. Costs of this appeal are assessed against the plaintiffs.
REVERSED IN PART AND AFFIRMED IN PART; REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[1] Judge A. Clayton James, retired, and Michael A. Patterson are serving as judges pro tempore by special appointment of the Louisiana Supreme Court.