McCLENDON, J.
|aIn this personal injury case, the plaintiffs, Pam Rabalais Gordon, individually, and on behalf of her minor son, D.R., appeal the judgment of the trial court finding that one of the defendants, Cornerstone Assembly of God Church (church), did not breach its duty to reasonably supervise boys attending a church youth service. We affirm.
FACTUAL AND PROCEDURAL BACKGROUND
D.R. was a teenager at the time he attended the youth service at the church. At the service, the church had five adults supervising approximately 85 youths. When the victim, D.R., returned to his seat, another boy, C.R., who was sitting behind D.R., placed a drumstick upright on D.R.’s chair. As D.R. sat in the chair, the drumstick injured his colon.
Plaintiffs filed a suit for damages against multiple defendants, including the church. Subsequently, the church filed a motion for summary judgment and argued that C.R.’s act had been sudden and spontaneous. Thus, the church had no duty under the facts, or that even if a duty was owed, the church had not breached the duty and could not have reasonably prevented the injury. In support of its assertions, the church offered a one page excerpt from the deposition of Pam Rabalais Gordon; an excerpt from the deposition of C.R.; and an excerpt from the deposition of the victim, D.R. In her excerpt, Ms. Gordon explained that she had been present at the service. She testified that, with the exception of the drumstick incident, she had no problems with her son or C.R. before, during, or after the service. She stated that everything had been “going smooth” until the incident that injured her son. C.R. testified that placing the drumstick on D.R.’s chair was “an instantaneous thought.” D.R. testified that he had not gotten into any trouble himself, and, before the drumstick incident, he had no trouble |swith C.R. or the other youths attending the service. However, D.R. did not think the church had enough supervisors present. In his opinion, “two kids to each section” would be enough.
In opposition to the church’s motion for summary judgment, plaintiffs argued that had there been more supervision, the injury could have been prevented. The opposition memorandum recited that Exhibit A, the affidavit of the former youth pastor, Sidney Hildalgo; Exhibit B, an excerpt of Ms. Gordon’s deposition; and Exhibit C, an excerpt of the deposition of the victim’s stepfather, John Gordon, were attached to the memorandum. However, in its oral reasons for judgment, the trial court found that Exhibit A, the affidavit, was not made on personal knowledge as required by LSA-C.C.P. art. 967 A. Additionally, we note that the specific excerpts referred to in the memorandum as exhibits B and C, do not appear in the record on appeal.
In its reply to the opposition, the church attached additional pages from C.R.’s deposition and another page from Ms. Gordon’s deposition. Ms. Gordon stated that Mr. Hildalgo asked her what had happened to D.R., her son. C.R. testified that if an adult had been standing directly behind him, he “probably” would not have put the drumstick on the chair, but if an adult had been five or six feet away, he “probably” would have done it. The plaintiffs did not submit another memorandum or additional evidence. The minutes for the hearing on the motion for summary judgment note that counsel waived their appearances and submitted on their briefs, with no offering of other evidence.
*765 The trial court granted the summary judgment. In its reasons for judgment, the court specifically found there was no evidence that better ^supervision or lighting could have prevented the injury.[1] Further, “even if there had been more adult supervision or better lighting, because this was an instantaneous action, there was no way for the defendants to prevent this accident from occurring. [C.R.’s] action in putting the drumsticks in the chair ... could not have been reasonably foreseen.”
APPLICABLE LEGAL PRECEPTS
Although a person who undertakes control and supervision of a child is not an insurer of the safety of the child, he is required to use reasonable care commensurate with the reasonably foreseeable risk of harm to which the child might be subjected while under his control and supervision. Blackledge v. Font, 2006-1092, p. 10 (La.App. 1 Cir. 3/23/07), 960 So.2d 99, 104; Freeman v. Wilcox, 303 So.2d 840, 842 (La.App. 1 Cir.1974), writ denied, 307 So.2d 630 (La.1975). This duty of reasonable supervision is analogous to one imposed on school boards and agents of the school board. See Wallmuth v. Rapides Parish School Board, 2001-1779, 2001-1780, p. 9 (La.4/3/02), 813 So.2d 341, 347 (duty-risk analysis for school board liability essentially the same under LSA-C.C. arts. 2315 or 2320); Blackledge, 2006-1092 at p. 10 n. 3, 960 So.2d at 104 n. 3; see also Pierce v. Tangipahoa Parish School Board, 2002-0139, p. 4 (La.App. 1 Cir. 12/20/02), 836 So.2d 328, 331. Thus, the analysis in school related cases is helpful.
The level of supervision “required is reasonable, competent supervision appropriate to the age of the children and the attendant circumstances.” Wallmuth, 2001-1779, 2001-1780 at p. 8, 813 So.2d at 346; Pierce, 2002-0139 at p. 4, 836 So.2d at 331. “Constant supervision of all [children or] students is not possible nor required ... to discharge [the] duty to provide adequate supervision.” Id. To show that a duty to supervise has been breached, the plaintiff must prove that the risk of unreasonable injury was foreseeable, constructively or actually known, and preventable by the exercise of the required level of supervision. Pierce, 2002-0139 at p. 5, 836 So.2d at 332. If the alleged act of negligent supervision was unforeseeable, that is, it occurred suddenly and without prior warning, the “vast majority” of courts have refused to attribute fault to the accused defendant. Wallmuth, 2001-1779, 2001-1780 pp. 9-12, 813 So.2d at 347-49 (and cases cited therein); Blackledge, 2006-1092 at pp. 9-12, 960 So.2d at 104-05.
The summary judgment procedure is favored under our law. LSA-C.C.P. art. 966(A)(2). Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. A court must grant a motion for summary judgment “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” LSA-C.C.P. art. 966(B); Blackledge, 2006-1092 at p. 6, 960 So.2d at *766 102. Paragraph C(2) of LSA-C.C.P. art. 966 provides that:
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
|fiAn issue of negligence or fault can be decided on a motion for summary judgment, provided that the evidence leaves no relevant, genuine issue of fact, and reasonable minds must inevitably conclude that the mover is entitled to judgment based on the facts before the court. Blackledge, 2006-1092 at p. 6, 960 So.2d at 102. Because plaintiff bears the burden of proof at trial on a claim of negligent supervision, a defendant-mover need only point out that there is an absence of factual support for one or more elements essential to the plaintiffs claim. See Pierce, 2002-0139 at pp. 3-4, 836 So.2d at 331; LSA-C.C.P. art. 966 C(2).
ANALYSIS
The record evidence accepted by the trial court provides no support for plaintiffs’ claim of fighting or horseplay in the area of or between the two boys prior to the injury at issue. The record does establish that the ratio of adults to the youths attending the church service was approximately 1 to 17, and that C.R. acted suddenly and without thought when he placed the drumstick in an upright position on the chair of the teenage victim; the act that caused the injury.
The plaintiffs failed to rebut these facts. A mere claim that an adult at the end of every row or one adult for every 2 or 3 youths would have prevented the accident was certainly not shown to be the necessary or reasonably required level of supervision under the facts here and such a conclusory claim is not determinative of any negligence on the part of the church. See Wallmuth, 2001-1779, 2001-1780 at pp. 8-12, 813 So.2d 346-349. The suddenness of the act, without prior warning to the church, was not foreseeable and left little if any time for adults to prevent the injury, even if more adults had been nearby. Thus, the trial court was correct in finding that the duty imposed on the church to supervise the youths at the rally did 17not extend to the risk created by the sudden, unforeseeable act of C.R. See Wallmuth, 2001-1779, 2001-1780 at pp. 8-12, 813 So.2d at 346-349; Blackledge, 2006-1092 at pp. 9-10, 960 So.2d at 104.
For these reasons, we agree that no question of material fact remained, and the church was entitled to summary judgment as a matter of law. We affirm the judgment at the cost of the plaintiffs, Pam Rabalais Gordon, individually, and on behalf of her minor son, D.R.
AFFIRMED.

. Although plaintiffs made a broad assignment of error asserting that the trial court erred in granting summary judgment and dismissing plaintiffs’ claims against the church, only the issue of supervision was argued in the plaintiffs’ brief on appeal. Thus, we did not address the issue of lighting that was mentioned by the trial court in its reasons for judgment.