GUIDRY, J.
bThis case arose out of an incident at Denham Springs Senior High School in which two freshman students urinated on or in the locker of a sophomore student on October 4, 2004. The plaintiffs appeal the judgment of the trial court granting a *772 cross motion for summary judgment in favor of the defendant, Livingston Parish School Board. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
The Livingston Parish School Board (School Board) operates two separate and distinct campuses for students in 9th through 12th grades in Denham Springs, Louisiana: Denham Springs Freshman High School for 9th grade and Denham Springs High School for grades 10-12. The two campuses share a number of facilities for educational purposes and extra curricular activities, including facilities for football. Specifically, 9th grade boys enrolled at Denham Springs Freshman High School use the field house located on the Denham Springs High School campus, but are only allowed to do so under the supervision of a teacher or coach. Although the two campuses share facilities, pursuant to the policies of both campuses, students enrolled at Denham Springs Freshman High School are not allowed to access any portion of the campus of Denham Springs High School without supervision.
On October 4, 2004, two 9th grade students, J.J. and B.F., entered the boy’s athletic locker room on the Denham Springs High School campus, went into the 10th grade locker room, and urinated in or on the locker of Z.C., which contained his clothing and athletic equipment.
At the time of the subject incident, Z.C. was enrolled as a 10th grade student at Denham Springs High School. At all pertinent times, Nolan Gill, the head football coach of Denham Springs High School, and his coaching staff shared the responsibility of ensuring that the student athletes reported to the locker rooms | ¡¡located in the field house of Denham Springs Senior High School for football practice.
On January 4, 2006, suit was filed by David Creekbaum, against the School Board, individually and on behalf of his minor son, Z.C. and Taryn Creekbaum, for mental anguish and emotional distress as well as loss of consortium.
On June 21, 2010, the plaintiffs filed a Motion for Partial Summary Judgment, seeking a determination that there was no material issue of fact relative to the issue of the School Board’s liability and averring that the law supported a finding that the School Board owed a duty to prevent the harm suffered by plaintiffs.
In support of the motion for summary judgment, plaintiffs attached the depositions of Harold Wax, Patty Dumiller, Kathy DeGeneres, Noland Gill, and Trase Satcher, all of whom were administrators and/or teachers who worked for the School Board at Denham Springs Freshman High School or Denham Springs High School. Their depositions confirmed that the Freshman High School and the Senior High School had a policy that prohibited freshman students from leaving their campus unsupervised during school hours and entering the Denham Springs High School campus.
Subsequently, on July 23, 2010, the School Board filed a Cross Motion for Summary Judgment, seeking dismissal of plaintiffs’ claims. The School Board maintained that under the circumstances, there was no evidence to support a finding that the School Board’s administrators or coaches failed to exercise reasonable competent supervision over the students attending Denham Springs High School or Denham Springs Freshman High School.
Following a hearing on the motions, the trial court signed a judgment on September 22, 2010, denying plaintiffs’ Motion for Partial Summary Judgment and granting the School Board’s Cross Motion for Sum *773 mary Judgment. It is from this | ¿judgment that plaintiffs now appeal, alleging that the trial court erred in concluding that the School Board did not owe a duty to protect Z.C. from fellow students entering the locker room and urinating on and in his locker.
DISCUSSION
Appellate courts review summary judgments de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Lieux v. Mitchell, 06-0382, p. 9 (La.App. 1st Cir.12/28/06), 951 So.2d 307, 314, writ denied, 07-0905 (La.6/15/07), 958 So.2d 1199. A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B); Independent Fire Insurance Company v. Sunbeam Corporation, 99-2181, p. 7 (La.2/29/00), 755 So.2d 226, 230-231.
The burden of proof on a motion for summary judgment is on the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to provide factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2).
A school board, through its agents and teachers, owes a duty of reasonable supervision over students. La. C.C. art. 2320. The supervision required is reasonable, competent supervision appropriate to the age of the children and the |sattendant circumstances. This duty does not make the school board the insurer of the safety of the children. Constant supemsion of all students is neither possible nor required for educators to discharge their duty to provide adequate supemsion. Wallmuth v. Rapides Parish School Board, 01-1779, p. 8 (La.4/3/02), 813 So.2d 341, 346.
Before liability can be imposed upon a school board for failure to adequately supervise the safety of students, there must be proof of negligence in providing supemsion and also proof of a causal connection between the lack of supervision and the accident. Furthermore, before a school board can be found to have breached the duty to adequately supervise the safety of students, the risk of unreasonable injury must be foreseeable, constructively or actually known, and preventable if a requisite degree of supervision had been exercised. Wallmuth, 01-1779 at p. 8, 813 So.2d at 346.
The mover herein, the defendant School Board, pointed out the absence of factual support for the claim of negligent supervision based on the fact that there were no previous reported incidents of this kind of behavior at the school nor were there other occurrences that would have given the school representatives constructive or actual notice of prior mischief indicating closer supervision was needed. Therefore, the defendant argued the event was not foreseeable and school officials had no reason to anticipate that such an incident might occur.
The School Board pointed to the deposition testimony of several school officials. *774 The testimony of Coach Noland Gill revealed that this was the first time that any sort of inappropriate incident had occurred in the locker room. Likewise, Patty Du-miller, the principal of the Denham Springs Freshman High School, testified that there had been no incidents that had occurred prior to this particular incident in which a freshman high school student was on the senior high campus and became involved in an altercation or mischievous behavior. Because neither |,;Coach Gill nor the School Board had any knowledge of any problems in the locker room involving student athletes, there was no more reason for Coach Gill or his coaching staff to have been in the field house during practice supervising the locker room than there was for them to be on the football field supervising the other student athletes during practice. Thus, the School Board argued no independent fault was attributable to it.
In Pierce v. Tangipahoa Parish School Board, 02-0139, pp. 5-6 (La.App. 1st Cir.12/20/02), 836 So.2d 328, 332, this court affirmed the granting of a summary judgment in favor of the Tangipahoa Parish School Board and one of its principals for an incident in which a group of students at Amite High School fashioned blow darts out of sewing needles and straws and blew them at other students. Citing to the standards for proof of negligent supervision, this court observed that there were no previously reported incidents of this kind of behavior at the school nor were there other occurrences that would have put the school representatives on notice that closer supervision over the students was needed, and on that basis, the trial court’s dismissal of the action against the school board was affirmed. See Pierce, 02-0139 at pp. 5-6, 836 So.2d at 332.
Similarly, in this case, the conduct of J.J. and B.F. was not foreseeable. There had been no prior incidents of this nature in the field house. Moreover, there was no actual or constructive notice of prior mischief provided to the school administrators or coaches. Thus, there was nothing that would have put the school representatives on notice that closer supervision was needed.
CONCLUSION
The plaintiffs failed to produce factual support for their claim of negligent supervision sufficient to establish that they would be able to satisfy their evidentiary burden of proof on this issue at trial. Accordingly, there was no |7genuine issue of material fact and summary judgment on this issue was appropriate.
DECREE
For the foregoing reasons, we affirm the judgment of the trial court granting summary judgment in favor of defendant, Livingston Parish School Board, and denying plaintiffs’ motion for partial summary judgment. All costs of this appeal are assessed to the plaintiffs, David Creekb-aum, individually and as administrator of the estate of his minor son, Z.C., and Taryn Creekbaum.
AFFIRMED.