# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 20, 2013

No. 12-31114
Summary Calendar

Lyle W. Cayce
Clerk

TYRONE BELLA, Individually, and on behalf of his minor son H.B.; KATHY BELLA, Individually, and on behalf of her minor son H.B.,

Plaintiffs–Appellants

v.

CAROL DAVIS, Individually and in her official capacity as Assistant Superintendent of the Terrebonne School Board; MARTIN PHILLIP, Individually, and in his official capacity as a member of the Terrebonne Parish School Board; M. TORBERT, Individually and in his official capacity as Principal of Evergreen Junior High School; J. MARTIN, Individually and in his official capacity as Assistant Principal of Evergreen Junior High School; D. DILLARD, Individually and in his official capacity as Assistant Principal of Evergreen Junior High School; TERREBONNE PARISH SCHOOL BOARD,

Defendants–Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-cv-02614

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-31114

Tyrone Bella and Kathy Bella filed this suit on behalf of themselves and their minor son, H.B. (collectively "Appellants"), alleging a series of claims arising out of a fight that injured H.B. at school. Some claims were voluntarily dismissed and others were settled. The district court granted summary judgment against Appellants on their remaining claims. This appeal followed.

## I. BACKGROUND

H.B., a student at Evergreen Junior High, was involved in a fight at school on August 23, 2011. The fight was allegedly the culmination of bullying and threats H.B. had previously received. School officials had not been informed that H.B. was being bullied or that a fight was being planned. According to Appellants, H.B. suffered a variety of injuries to his face and jaw as a result of the fight.

Appellants filed this suit on October 18, 2011, alleging various claims arising under both state and federal law. Appellants pleaded claims against the school board, school officials, the sheriff's office, law enforcement officials, students involved in the fight, and those students' parents. On August 2, 2012, Appellants settled their claims against the sheriff's office and the law enforcement officials. On October 25, 2012, Appellants voluntarily dismissed their claims against the students and their parents.

The remaining defendants—the school board and school officials—filed for summary judgment on August 22, 2012. The district court granted summary judgment on all remaining claims on September 26, 2012. Appellants thereafter filed a timely appeal.

## II. JURISDICTION

Appellants seek review of a final decision of the district court. Therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1291.

No. 12-31114

## III.  DISCUSSION

### A.    Supplemental Jurisdiction

Appellants first argue that the district court erred in exercising supplemental jurisdiction over their state-law negligence claim, discussed below.[1]  The district court may exercise supplemental jurisdiction over state claims that do not independently come within the court's jurisdiction so long as they form part of the same case or controversy as the claims which do fall within the court's original jurisdiction.  *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 293 (5th Cir. 2010); 28 U.S.C. § 1367(a).  Under § 1367(a), the question is whether the supplemental claims are so related to the original claims that they derive from a common nucleus of operative fact.  *Id.*  We review the district court's exercise of supplemental jurisdiction for abuse of discretion. *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 158 (5th Cir. 2011).

Here, the district court did not abuse its discretion in exercising supplemental jurisdiction over Appellants' state law claims since those claims arose from the same set of facts as their federal claims.  Namely, Appellants' entire suit was premised on alleged violations of law that occurred when H.B. was injured during a fight at school.  Since Appellants' claims all focus on the circumstances leading up to and following the fight, the claims arise from a common nucleus of operative fact.  Therefore, since Appellants were pressing a combination of state and federal claims, it was within the district court's discretion to exercise supplemental jurisdiction.  *See Halmekangas*, 603 F.3d at 293; 28 U.S.C. § 1367(a).

---

[1] The parties' briefs treat this case as one where the district court, having dismissed all federal causes of action, nevertheless retained jurisdiction over pending state law claims. Having reviewed the record, it does not appear that the district court retained jurisdiction over state law causes of action.  Rather, the summary judgment briefing and resultant order from which this appeal arises involved both federal and state law claims, belying the suggestion that the district court retained jurisdiction over state law claims after previously dismissing all federal claims.

## B.     Negligence

Appellants also challenge the district court's decision to grant summary judgment in Appellees' favor on their state-law negligence claim. We review the district court's summary judgment determination de novo. *Tolan v. Cotton*, 713 F.3d 299, 304 (5th Cir. 2013). Summary judgment is appropriate if the movant shows that there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. *Id.* (citing Fed. R. Civ. P. 56(a)). A dispute is genuine if a reasonable jury could rule in favor of the nonmoving party; and a fact issue is material if its resolution could affect the outcome of the action. *Id.* As explained below, summary judgment was appropriate because Louisiana law requires foreseeability or notice regarding the conduct at issue and Appellants failed to present evidence on point.

While Appellants' complaint did not specify which statute they relied upon to claim negligence, there are two statutory provisions which could support such a claim: Louisiana Civil Code articles 2315[2] and 2320.[3] Louisiana courts have treated the two statutes "interchangeably;" liability under either statute requires that school officials breach their duty of reasonable supervision over students. *Wallmuth v. Rapides Parish Sch. Bd.*, 813 So. 2d 341, 347 (La. 2002). School boards, school officials, and teachers discharge their duty of reasonable supervision when they provide reasonable, competent, and age-appropriate supervision under the circumstances. *Id.* at 346. "Constant supervision of all students is not possible nor required for educators to discharge their duty to provide adequate supervision." *Id.* Importantly, school officials cannot be found

---

[2] "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." La. Civ. Code Ann. art. 2315.

[3] "Teachers and artisans are answerable for the damage caused by their scholars or apprentices, while under their superintendence. . . . [R]esponsibility only attaches, when the . . . teachers . . . might have prevented the act which caused the damage . . . ." La. Civ. Code. Ann. art. 2320.

No. 12-31114

negligent in their supervision unless the risk of unreasonable injury was foreseeable, constructively known, or actually known. *Id.*; *Creekbaum v. Livingston Parish Sch. Bd.*, 80 So. 3d 771, 773 (La. Ct. App. 2011); *Agnor v. Caddo Parish Sch. Bd.*, 936 So. 2d 865, 872 (La. Ct. App. 2006); *Frazer v. St. Tammany Parish Sch. Bd.*, 774 So. 2d 1227, 1232 (La. Ct. App. 2000).

Here, Appellees were entitled to judgment as a matter of law because at no point have Appellants alleged or presented evidence suggesting that the fight that injured H.B. was foreseeable, constructively known, or actually known. No such claim was made in their complaint, their briefing before the district court, nor on appeal. In fact, Appellants undercut their own negligence claim insofar as they state in their response to the motion for summary judgment that "administrators knew nothing of the activity on their campus until it was reported to them." Furthermore, H.B. testified that he did not inform school officials or his parents about bullying and fighting at school. Appellants have not identified any evidence suggesting that Appellees foresaw or had notice of fights in general or H.B.'s fight in particular. Fed. R. Civ. P. 56(c)(1)(A). Therefore, Appellants cannot maintain a negligence claim and summary judgment was appropriate. Fed. R. Civ. P. 56(a).

## IV.  CONCLUSION

For the foregoing reasons, the district court's judgment is AFFIRMED.