ALFRED A. MANSOUR, Judge Pro Tern.
Plaintiff appeals from a judgment of the trial court granting a partial summary judgment in favor of Cities Service Company.
The record reveals that plaintiff was employed by Levingston Engineers, Inc., a subcontractor on a construction project for Cities Service Company. Foster Wheeler Energy Corporation was the general contractor for the project and R.D. Spell, Inc., was another subcontractor.
In his petition plaintiff alleged that he slipped and fell from a boardwalk constructed at the Cities Service Company’s plant site in Calcasieu Parish. He sued Cities Service Company, Foster Wheeler Energy Corporation, and R.D. Spell, Inc., seeking damages for his personal injuries. All defendants filed motions for summary judgment. The trial court granted the motion of Foster Wheeler Energy Corporation and denied that of R.D. Spell, Inc. The motion of Cities Service Company was granted as to the issue of its negligence, but denied insofar as it related to strict liability.
In support of its motion for summary judgment Cities Service Company submitted the affidavits of Rodney James Ren-trop, Manager of Major Projects for Cities Service Company, and Dennis B. Berg, a field engineer for Foster Wheeler Energy Corporation. Mr. Rentrop’s affidavit stated that the boardwalk from which the *570 plaintiff allegedly fell was not contained in any of the plans or specifications of Cities Service Company; that the boardwalk was not constructed by any employees of Cities Service Company; and, that neither Foster Wheeler Energy Corporation, R.D. Spell, Inc., nor any other entity were required or requested to build the boardwalk. The affidavit of Mr. Berg stated that he was present on the job site on the date of the plaintiffs accident; that he saw employees of R.D. Spell, Inc., build the boardwalk; and, that no employee of Cities Service Company was involved in the construction of this boardwalk.
. Plaintiff filed no affidavits or other evidence in opposition to Cities Service Company’s motion.
La.C.C.P. Articles 966 and 967 provide:
“Art. 966. Motion for summary judgment; procedure.
A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiffs motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
B. The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
C. A summary judgment may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.”
“Art. 967. Same; affidavits.
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
If it appears to the satisfaction of the court at any time that any of the affidavits presented pursuant to this article are presented in bad faith or solely for the purposes of delay, the court immediately shall order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney’s fees. Any offending party or attorney may be adjudged guilty of contempt.”
“The failure of an adverse party to file counter-affidavits does not automatically entitle one to a summary judgment.” Jewell v. Thompson, 386 So.2d 689 (La.App. 3 Cir.1980), writ denied, 393 So.2d 747, citing Acme Refrigeration of Baton Rouge, Inc. v. Caljoan, Inc., 346 So.2d 743 (La.App. 1 Cir.1977). “The granting of a summary judgment is proper if, and only if, the *571 pleadings, depositions, answers to interrogatories on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to a judgment as a matter of law.” Jewell, supra, citing Chaisson v. Domingue, 372 So.2d 1225 (La.1979).
On a motion for summary judgment the court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all material fact issues. If they are not sufficient, summary judgment must be denied. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980).
We must now consider whether summary judgment was appropriate, since the plaintiff need not file affidavits unless the moving party has established both that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Chaisson, supra.
The burden is on the movér to show that there is no dispute regarding facts material to the suit. And since the motion for summary judgment is not a substitute for a trial on the merits, any doubt regarding the existence of genuine issues of material fact should be resolved in favor of trial on the merits. Roy and Roy v. Riddle, 187 So.2d 492 (La.App. 3 Cir.1966), writ denied, 190 So.2d 236.
Our review of the factual allegations as well as the affidavits submitted by Cities Service Company persuades us that a genuine issue of material fact exists as to whether Cities Service Company or any of its employees were aware of the existence of any defect in the boardwalk. This issue was not resolved by the motion for summary judgment and supporting affidavits.
For the foregoing reasons, the judgment of the trial court granting a partial summary judgment in favor of Cities Service Company is reversed and the case is remanded for further proceedings in accordance with law. Costs of this appeal are assessed against appellee.
REVERSED AND REMANDED.