525 So.2d 140 (1988)
Clarence J. HUVAL, Plaintiff-Respondent,
v.
Kurt SCHMERSHAL and State Farm Mutual Automobile Insurance Company, City of Lafayette, Emanuel Charles, III, Debra Levette Conley, Emanuel Charles, Jr. and Dorothy Louise Charles, Defendants, Defendant-Relator-City of Lafayette.
No. W87-1033.
Court of Appeal of Louisiana, Third Circuit.
March 2, 1988.
*141 Voorhies & Labbe, Cyd H. Page, Lafayette, for defendant-relator-City of Lafayette.
Edward J. Milligan, Jr., Lafayette, for plaintiff-respondent.
Melissa Reardon, Lafayette, for defendants.
Before DOMENGEAUX and LABORDE, JJ., and CULPEPPER, J. Pro Tem.[*]
LABORDE, Judge.
On the evening of Saturday, April 19, 1985, three minor children were playing on the corner of East Main Street and Garden Street in Lafayette. One of the children apparently knocked down a stop sign located on the corner of the intersection.[1] The children tried to put the sign back up, but were unsuccessful. It is alleged by the parents of two of the children that the sign was bent and was loose due to winds from Hurricane Danny a few days prior to this. On the next morning, Sunday, April 20, an accident occurred when the car driven by plaintiff, Clarence Huval, was struck by the car driven by defendant, Kurt Schmershal. Schmershal did not stop at the intersection as he was unaware that he was required to due to the fact that the stop sign was no longer up at that intersection.
Plaintiff filed suit against the defendant for damages of $9,414.27. Defendant then filed third party complaints against the parents of two of the minor children and against the City of Lafayette under strict liability claiming that it had either actual or constructive notice that the sign had been removed and should have taken proper measures to warn motorists. Plaintiff then amended his petition to name the guardians of the two minors and the City of Lafayette as defendants. The City of Lafayette then filed a Motion for Summary Judgment as to the plaintiff's claim.[2] That motion asserted that the sign was removed by third parties not associated with the City of Lafayette and that there was nothing to indicate that the City of Lafayette had actual or constructive notice that the sign had been removed and thus that it could not be held liable to plaintiff or third party plaintiff. No affidavits or oppositions to this motion were filed by plaintiff or third party plaintiff.[3] The motion was denied by the trial court. The City of Lafayette then filed a motion for rehearing of its motion for summary judgment and again no oppositions were filed. The trial court again denied the motion for summary judgment. The City of Lafayette then filed for supervisory writs with this court to review the trial court's holding.[4] We granted writs on October 1, 1987. We now hold that the trial court's denial of the City of Lafayette's motion for summary judgment was correct and affirm that decision.
Failure of an adverse party to file counter-affidavits does not automatically entitle one to a summary judgment. The granting of a summary judgment will only be proper if the pleadings, depositions, answers *142 to interrogatories on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. Callahan v. Foster Wheeler Energy Corp., 494 So.2d 568, 570-571 (La. App. 3d Cir.1986). The plaintiff need not file affidavits unless the moving party has established both that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Callahan, 494 So.2d at 571.
LSA-R.S. 9:2800(B) provides a cause of action against a public entity for damages caused by the condition of things within its care or custody. In order for a plaintiff to pursue such a cause of action, the public entity must have had actual or constructive notice of the vice or defect which caused the damage prior to that occurrence and the public entity must have had a reasonable opportunity to remedy the defect, but failed to do so.
The trial court considered the facts of this case and denied defendant's motion. We agree with its ruling and adopt its reasons for judgment:
"The Court is of the opinion that there remains an issue of material fact. The facts provided in the affidavits are insufficient to convince the Court that defendant was without proper notice that the traffic sign had been removed. In spite of the short period of time involved in this case, these affidavits do not rule out the possibility that evidence could be offered concerning notice to the City of Lafayette."
We thus affirm the trial court's decision and lift the stay. We remand this case to the trial court for further proceedings. Costs are deferred until final disposition of this suit.
REMANDED.
NOTES
[*] Hon. William A. Culpepper, Judge, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] It is disputed which child actually knocked down the sign. One claims that another knocked it down when "slam dunking" a ball over it. That child, however, claims that the other child knocked the sign down as he shook it imitating the force exerted by Hurricane Danny.
[2] Although the City of Lafayette argues that its motion for summary judgment concerned both the plaintiffs claim and the claim by the third party plaintiff, there is nothing in the record to indicate that this motion dealt with anything other than the plaintiffs claim against the City of Lafayette.
[3] We note that the third party plaintiff had no reason to file any opposition to plaintiffs motion as that motion only concerned plaintiffs claim against the City of Lafayette.
[4] The City of Lafayette alleges in its brief that the plaintiff has agreed to dismiss his claim against them. However, we find nothing in the record to indicate that plaintiff has made any effort to have his claim against the City of Lafayette dismissed.