591 So.2d 1257 (1991)
Carolyn OAST, Plaintiff-Appellant,
v.
The LAFAYETTE PARISH SCHOOL BOARD, et al., Defendants-Appellees.
No. 90-599.
Court of Appeal of Louisiana, Third Circuit.
December 18, 1991.
Bruce R. Santa Cruz, Lafayette, for plaintiff-appellant.
Roy & Hattan, L. Lane Roy, Lafayette, for defendants-appellees.
Before DOMENGEAUX, C.J., and GUIDRY and KING, JJ.
GUIDRY, Judge.
The trial court granted defendants', Lafayette Parish School Board and Rick Vicknair, a teacher and coach employed by the Board, motion for summary judgment and dismissed plaintiff's tort suit as to those defendants. Plaintiff, Carolyn Oast, appeals that ruling.
The facts of this case are not in dispute. On Saturday, February 7, 1987, plaintiff, Carolyn Oast, was attending a regional wrestling match at the Carencro High School gymnasium. She was there to watch and support her son who was a member of the Acadiana High School wrestling team. When she arrived at approximately 2:00 p.m., Jacky, her son, had already completed one match and was seated in the bleachers with several of his teammates.
*1258 Ms. Oast and her male companion, Vince Tantillo, took up positions at the end of the gym next to a support column so that they could smoke. Shortly thereafter, Todd Breaux, a member of the Northside High School wrestling team, who had just lost a close match exited the roped off competition area and started past Ms. Oast and Mr. Tantillo.
Upon encountering a folding chair, Todd, who was frustrated at losing his match, suddenly pushed, kicked or threw the chair to the side. The chair struck Ms. Oast in the left thigh-hip area causing the injuries complained of in this action.
In her petition for damages, plaintiff alleges the folllowing:
"IV.
The said wrestling match was sponsored by the Lafayette Parish School Board, and the contestants were under the care, custody and control of employees of the Lafayette Parish School Board.
V.
The said employees of the Lafayette Parish School Board failed to do what they should have done and/or did what they should not have done for the protection and security of spectators present at the said wrestling tournament and therefore by their failure to act actively desired the consequences and damages to Petitioner."
The trial judge granted defendants' motion for summary judgment based on La. R.S. 9:2798.1, which states:
"A. As used in this Section, "public entity" means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, employees, and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions.
B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policy-making or discretionary acts when such acts are within the course and scope of their lawful powers and duties.
C. The provisions of Subsection B of this Section are not applicable:
(1) To acts or omissions which are not reasonably related to the legitimate governmental objective for which the policy-making or discretionary power exists; or
(2) To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.
D. The legislature finds and states that the purpose of this Section is not to reestablish any immunity based on the status of sovereignty but rather to clarify the substantive content and parameters of application of such legislatively created codal articles and laws and also to assist in the implementation of Article II of the Constitution of Louisiana."
In his reasons for judgment, the trial judge concluded as follows:
"... Lafayette Parish School Board's failure to supervise a high school wrestling match was indeed a policy-making decision, and as plaintiff has not alleged that this failure to act was done for a criminal, fraudulent, malicious, intentional, willful, outrageous, reckless or flagrant purpose, both Lafayette Parish School Board and their employee, Rick Vicknair, would thus fall under the provisions of LSA R.S. 9:2791.1 and be immune from liability."
We seriously question the trial court's conclusion that La.R.S. 9:2798.1 is applicable under the circumstances of the instant case. However, we affirm the trial court's decision concluding, for the following reasons, that the record clearly supports a determination that there exists no *1259 genuine issue of fact material to the conclusion that plaintiff's injury did not occur by reason of any fault on the part of defendants.
Defendants' liability, if any, is governed by La.C.C. art. 2320 which reads in pertinent part as follows:
"Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.
Teachers and artisans are answerable for the damage caused by their scholars or apprentices, while under their superintendence.
In the above cases, responsibility only attaches, when the masters or employers, teachers and artisans, might have prevented the act which caused the damage, and have not done it."
It is well settled that a school board and its employees are not obligated to maintain constant surveillance of students. A teacher and his/her employing school board are responsible for delicts committed by students under their care only upon proof that the teacher, by exercising the degree of supervision required under the circumstances, could have prevented the act which caused the damage and did not do so. Emery v. Chapman, 495 So.2d 371 (La.App. 3rd Cir.1986). See Prier v. Horace Mann Insurance Company, 351 So.2d 265 (La.App. 3rd Cir.1977), writ denied, 352 So.2d 1042 (La.1977); Richard v. St. Landry Parish School Board, 344 So.2d 1116 (La.App. 3rd Cir. 1977); Partin v. Vernon Parish School Board, 343 So.2d 417 (La.App. 3rd Cir. 1977); McDonald v. Terrebonne Parish School Board, 253 So.2d 558 (La.App. 1st Cir.1971), writ denied, 260 La. 128, 255 So.2d 353 (La.1971); Bourgeois v. Indemnity Insurance Company of North America, 60 So.2d 718 (Orl.App.1952).
Contrary to the trial court's statement in its reasons for judgment, the record reflects that security was provided at the school activity in question by the local police department and by teacher/coaches of the participating teams.
All the depositions submitted into evidence agree that Todd Breaux's actions were sudden, spontaneous and completely unanticipated. Ms. Oast, in her deposition, stated:
"I saw him walking up, you know, this way. You know, I could see he was coming up the walkway here. I knew there was a chair over there. It never entered my mind he was going to take the chair and throw it. By the time he had gotten the chair andThere was not that much space there. I mean, he was only like maybe three (3) to four (4) feet from me. And it happened so quick I didn't have time to get out of the way."
Plaintiff's son, Jacky, who was an eyewitness to the incident, stated in deposition that:
"At the time, I was about two or three rows up in the bleachers and there was a match going on right in front of me, and there was a wrestler from Northside, and my parents, they were standingit was in a roped-off area. The mat was roped off. My parents were about, say, five to six feet behind the rope, in a smoking area. They were smoking, you know. They were not holding hands, but they were ... interlocked like that. And I was watching the match, and the Northside wrestlerhe lost and he was mad because he lost. And this is -and when he lost his match, he went outside the rope and he picked up, I guess, the nearest chair he seen, and he picked it upit was a metal folding chairand went from his left to his right like this on the side, and right as he let it go, right at the point of impact, it hit my mother right in this area here. The only reason why she didn't fall down, I guess, because Vince was holding her up.
. . . . .
There was no warning whatsoever. My mother and my step-dad were standing *1260 right there, and he was walking by and he was angry and he just picked up the chair and wham, you know. That was it."
Max Robertson, an assistant principal at Northside High School, was also deposed. Robertson characterized Todd as a "normal kid", very respectful and much reserved on campus. Robertson stated that in Breaux's entire high school career only three incidents appear in his disciplinary record. Two of those were for tardiness and the third, although labeled a "fight", was more likely an incident involving shoving, pushing and/or loud words. Robertson stated unequivocally that no punches could have been thrown in the incident since such would automatically call for suspension from school and Todd had never been suspended. We find one episode of pushing and shoving in a high school career insufficient to form any pattern for violence or enough to place the faculty of Northside High School or the Board on notice of a student's propensity to act inappropriately.
Todd Breaux's coach and a co-defendant in this suit, Rick Vicknair, was also deposed. According to his deposition, he had always known Todd to be even tempered. Vicknair stated that Todd never had a temper tantrum, but had always turned his anger inward if he didn't perform up to his own expectations.
The law governing motions for summary judgments is well settled.
"Articles 966 and 967 of the Louisiana Code of Civil Procedure set forth the guidelines by which Louisiana courts determine whether or not to grant a motion for summary judgment. Article 966 B states in pertinent part:
"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." (Emphasis added.)
The initial burden is on the mover to show that there is no genuine issue of material fact in dispute. Any reasonable doubt as to the existence of a genuine issue of material fact must be resolved against the mover and in favor of trial on the merits. Industrial Sand and Abrasives, Inc. v. L & N R. Co., 427 So.2d 1152 (La.1983); Eldridge v. Bonanza Family Restaurant, 542 So.2d 1146 (La. App. 3 Cir.1989). Once the moving party has supported its motion for summary judgment with evidence sufficient to show no dispute as to material facts, the burden shifts to the party opposing the motion to respond by affidavits or other admissible evidence setting forth specific facts showing that there exists a genuine issue for trial. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La. 1980); Huval v. Schmershal, 525 So.2d 140 (La.App. 3 Cir.1988). The party opposing summary judgment may not rely upon its pleadings and allegations. To the contrary, the non-moving party must affirmatively come forward with evidence placing material facts in dispute. Article 967 of the Louisiana Code of Civil Procedure provides in part:
"When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him."
In short, summary judgment law requires the non-moving party to go beyond the pleadings to successfully oppose a well-supported motion for summary judgment."
Evangeline Farmers Cooperative v. Fontenot, 565 So.2d 1040 at pgs. 1044, 1045 (La.App. 3rd Cir.1990).
*1261 The record before us contains no evidence which might bave indicated to Todd's coach, Rick Vicknair, or to the Lafayette Parish School Board that Todd Breaux had any tendency toward violence or violent displays of temper. Additionally, there is no dispute of fact concerning the spontaneity of Todd's conduct which resulted in plaintiff's injury. There is clearly no issue of fact material to a finding that lack of teacher supervision was not a cause in fact of plaintiff's injury.
Accordingly, for the reasons stated above, we affirm the judgment of the trial court and pretermit any discussion concerning applicability of La.R.S. 9:2798.1 and the constitutionality of that statute.
AFFIRMED.