**Valona COLE, on behalf of the minor child, as natural tutrix Nicholas ELLIS, Plaintiff–Appellant**

v.

**KNOWLEDGE LEARNING CORPORATION; Unidentified Party; Kindercare Learning Centers, Incorporated, Defendants–Appellees.**

No. 10–30546.

United States Court of Appeals, Fifth Circuit.

March 4, 2011.

Brian Lee King, Edward J. Womac, Jr. & Associates, L.L.C., New Orleans, LA, for Plaintiff–Appellant.

Thomas Edgard Schwab, Esq., Barkley & Thompson, L.C., New Orleans, LA, Nicholas Dale Doucet, Attorney, Barkley & Thompson, L.C., Lafayette, LA, for Defendants–Appellees.

Before BARKSDALE, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM: *

For her action against Knowledge Learning Corporation (KLC), Valona Cole challenges, *inter alia:* the denial, on the ground that KLC's removal was timely, of her motion to remand to state court; an adverse summary judgment, based on Cole's failure to create a genuine issue of material fact on whether lack of supervision caused injury to her son, N.E.; and the denial of her motion to alter or amend judgment, based on her failure to demonstrate manifest errors of law or fact. AFFIRMED.

## I.

In December 2007, then three-year old N.E., allowed to periodically participate ("drop in") at KinderCare Learning Center in Laplace, Louisiana (a day-care facility that is a KLC subsidiary), sustained injuries to his face when J.R., another three-year old child enrolled at the day-care center, struck him with a piece of wood, two inches thick, four inches wide, and—as reflected in a photograph in the summary-judgment record—approximately 24 inches long. N.E. was diagnosed with a frontal contusion.

On 27 June 2008, Cole filed this action in Louisiana state court, alleging lack of supervision caused N.E.'s injury. In her petition, Cole did *not* state the amount of claimed damages.

In February of the following year, KLC removed this action to federal court, pursuant to diversity jurisdiction. 28 U.S.C. § 1332. Cole moved to remand to state court, claiming untimely removal. In support of her motion, Cole alleged: KLC was notified of the amount in controversy during her November 2008 discovery responses; those responses constituted an "other paper", triggering the 30–day removability period, 28 U.S.C. § 1446(b); and KLC's February 2009 notice of removal was outside that period.

In May 2009, the district court denied Cole's remand motion, ruling the November 2008 discovery responses "were not an 'other paper' from which defendant could have ascertained" removability, regarding whether the action involved the requisite amount in controversy for diversity jurisdiction. (Pursuant to § 1332, in addition to the parties' undisputed requisite diversity of citizenship, the amount in controversy in Cole's action had to exceed $75,000.) In determining KLC's removal was timely, the court concluded Cole's 28 January 2009 $125,000 settlement demand letter constituted an "other paper" from which KLC could first ascertain removability. *Cole ex rel. Ellis v. Knowledge Learning Corp.,* No. 09–2760, 2009 WL 1269591 (E.D. La. 5 May 2009).

In January 2010, KLC moved for summary judgment. In support, it submitted affidavits by the following KLC employees: Gloria Lackings, a teacher at KLC, who stated, *inter alia,* that she witnessed the incident; Veronica Edwards, employed at

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances s'?et forth in 5TH CIR. R. 47.5.4.

KLC for over nine years, who stated, *inter alia,* that both N.E. and J.R. believed the injury was an accident; and Jessica Castrogiovanni, currently employed as director at KLC, who stated, *inter alia,* that J.R. had not been involved in any similar incidents.

In opposition, Cole filed only her affidavit. It stated: an *unidentified* teacher told Cole she was on duty the day of the incident but did *not* witness it; Annie Smith, then director at KLC, told Cole that J.R. had prior behavioral problems and was suspended following the incident; on the day of the incident, Cole overheard *unidentified* teachers state that the school was understaffed; and, several weeks following the incident, an *unidentified* teacher told Cole the school was understaffed and age groups were mixed on the day of the incident.

In granting summary judgment, the court reasoned: "Because this incident was spontaneous and occurred without warning, there is no issue of material fact as to whether a lack of supervision could have caused the accident". The court relied on Lackings' affidavit because, although Cole stated in her affidavit that she spoke with a teacher on duty who had *not* observed the incident, Lackings stated she was one of two teachers on duty and had witnessed it, and Cole failed to rebut this fact. *Cole ex rel. Ellis v. Knowledge Learning Corp.,* No. 09–2760, 2010 WL 797843, at *2–3 (E.D. La. 3 Mar. 2010).

Cole moved to alter or amend the judgment. The court denied her motion, ruling that Cole failed to identify the requisite "manifest errors of law or fact with respect to the causation issue". *Cole ex rel. Ellis v. Knowledge Learning Corp.,* No. 09–2760, 2010 WL 2244109, at *2–3 (E.D.La. 28 May 2010).

## II.

Cole maintains: removal was not timely; she created a genuine issue of material fact on whether lack of supervision caused N.E.'s injury; and, post summary judgment, she demonstrated manifest errors of law or fact. In the event the judgment is vacated, she requests costs taxed against her in district court be vacated as well.

### A.

In claiming the district court erred in denying her motion to remand, Cole contends her November 2008 discovery responses constituted an "other paper" from which it could *first* be ascertained by KLC that the action was removable, thereby rendering KLC's February 2009 notice of removal beyond the 30–day removability period. Denial of a motion to remand is reviewed *de novo. E.g., Holmes v. Atl. Sounding Co.,* 437 F.3d 441, 445 (5th Cir. 2006).

To successfully remove an action, defendant must file a notice of removal within 30 days of receiving "a copy of the initial pleading setting forth the claim for relief...." 28 U.S.C. § 1446(b). If, based on the initial pleading, the action is not removable, a notice of removal may be filed within 30 days of defendant's receipt of "a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable", so long as removal is within one year from commencement of the action. *Id.* (emphasis added). Removal was within that year.

The parties agree: diversity of citizenship exists; Cole's initial pleading did *not* demand specific damage amounts; and the action was not then removable. They disagree on whether Cole's November 2008 discovery responses constituted an "other paper" from which KLC could have first

ascertained that the amount in controversy exceeded the minimum jurisdictional amount of $75,000, *see* 28 U.S.C. § 1332(a), thereby triggering the 30–day removability period.

### 1.

█ A discovery response may constitute an "other paper" under the federal removal statute, notifying defendant of an action's removability and triggering the 30–day removability period. *E.g., S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir.1996); *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992). To qualify as an "other paper", however, the discovery response must be "unequivocally clear and certain", so that defendant may ascertain the action's removability. *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir.2002).

For the following reasons, the discovery responses failed to provide the requisite "unequivocally clear and certain" notice to KLC that the damages exceeded $75,000. Pursuant to the information in those responses: the medical bills totaled less than $3,400; the CT-scan, X-ray, and neuropsychological assessment reported no abnormalities; and the treating physician recommended simple home remedies for N.E.'s recovery—the application of a cool compress to the bruised area and an over-the-counter pain reliever.

As she did in district court, Cole also maintains KLC could have ascertained the action's removability by referring to the Louisiana "quantum books", which report Louisiana awards for specific injuries. As KLC responds, the necessity of independent research to ascertain the amount in controversy shows the discovery responses were *not* "unequivocally clear and certain".

### 2.

Cole does not challenge the district court's finding that her 28 January 2009 $125,000 settlement demand letter was not "plainly a sham" and, therefore, qualified as an "other paper" from which KLC could clearly ascertain removability. *Cole ex rel. Ellis v. Knowledge Learning Corp.*, No. 09–2760, 2009 WL 1269591 (E.D. La. 5 May 2009); *see, e.g., Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 761–62 (5th Cir.2000) (holding demand letter constituted an "other paper" for ascertaining amount in controversy). Because KLC filed its notice of removal within 30 days of receiving that letter and within one year of the action's being filed, removal was timely.

### B.

█ Cole contends she provided sufficient evidence to create a genuine issue of material fact on whether negligent supervision caused N.E.'s injury. In this regard, however, the district court ruled: "The only account of the accident presented to [it] demonstrates that the accident occurred suddenly, without warning, and that it could not have been foreseen or prevented". *Cole*, 2010 WL 797843, at *3.

A summary judgment is reviewed *de novo*, viewing the evidence in the light most favorable to the nonmovant. *E.g., Espinoza v. Cargill Meat Solutions Corp.*, 622 F.3d 432, 437 (5th Cir.2010). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law". FED.R.CIV.P. 56(a); *see also Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir.2005).

Once the movant satisfies its burden, the burden shifts to the nonmovant to show, through "significant probative evidence", the existence of a genuine issue of material

fact. *Union Planters Nat'l Leasing, Inc. v. Woods,* 687 F.2d 117, 119 (5th Cir.1982). In other words, this burden requires the nonmovant to go beyond the pleadings and cite to particular parts of the summary-judgment record, such as depositions, affidavits, and interrogatory answers. FED. R.CIV.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The nonmovant's burden is *not* satisfied, however, by some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994).

Because this is a diversity action, Louisiana law controls. *See generally Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Under Louisiana Civil Code art. 2320, teachers owe "a duty of reasonable supervision over students". *Wallmuth v. Rapides Parish Sch. Bd.,* 813 So.2d 341, 346 (La.2002); *see* LA. CIV.CODE ANN. art. 2320. This standard also applies in negligent-supervision actions involving, as in this instance, day-care centers and the supervision of young children. *E.g., Yates ex rel. Yates v. Children's Workshop,* 555 So.2d 503, 504–05 (La.App. 4th Cir. 1989); *Drueding v. St. Paul Fire & Marine Ins. Co.,* 482 So.2d 83, 86 (La.App. 4th Cir.1986). "The supervision required is reasonable, competent supervision appropriate to the age of the children and the attendant circumstances." *Wallmuth,* 813 So.2d at 346.

Louisiana courts recognize, however, that constant supervision "is not possible nor required for educators to discharge their duty to provide adequate supervision". *Id.; Adams v. Caddo Parish Sch. Bd.,* 631 So.2d 70, 73 (La.App. 2d Cir. 1994). In that regard, teachers are "required to exercise only that supervision and discipline expected of a reasonably

prudent person" under the same or similar circumstances. *Adams,* 631 So.2d at 73. A teacher is responsible for a student's actions only where the teacher could have prevented the conduct which caused the injury and did not do so. LA. CIV.CODE ANN. art. 2320; *Doe v. E. Baton Rouge Parish Sch. Bd.,* 978 So.2d 426, 433 (La.App. 1st Cir.2007); *Oast v. Lafayette Parish Sch. Bd.,* 591 So.2d 1257, 1259 (La.App. 3d Cir. 1991).

Before liability can attach, Cole must prove negligent supervision, and a causal connection between it and the incident. *Wallmuth,* 813 So.2d at 346. The risk of injury must be "foreseeable, constructively or actually known, and preventable if a requisite degree of supervision had been exercised". *Id.* For this appeal, however, to defeat summary judgment, she only must create a genuine issue of material fact on these points.

**1.**

Cole contends she presented sufficient evidence to create such a genuine issue on negligent supervision. The district court declined to address this issue, basing its decision solely on causation. Because it did not err in its causation ruling, we need not address negligent supervision *vel non.*

**2.**

Cole maintains the district court erred in finding no genuine issue of material fact regarding the causal connection between the alleged negligent supervision and N.E.'s injury. Along that line, she contends: the evidence provided through her affidavit calls into question Lackings' assertion that she witnessed the incident; and, it shows that additional supervision was necessary at that time. As discussed *supra,* the summary-judgment evidence offered through Cole's affidavit included: an *unidentified* teacher told Cole she was on

duty the day of the incident but did *not* witness it; Annie Smith, then facility director on duty during the incident, told her J.R. had prior behavioral problems and was suspended as a result of the incident; on the day of the incident, Cole overheard *unidentified* teachers state that the school was understaffed; and, several weeks following the incident, Cole was told by an *unidentified* teacher that, on the day of the incident, KLC was understaffed and different age groups were mixed in the same room.

Arguably, Cole's, with one exception (Annie Smith), not having identified the persons who allegedly made these comments, and all of the comments being hearsay, renders these portions of her affidavit inadmissible for summary-judgment purposes. *E.g., Roberts v. City of Shreveport,* 397 F.3d 287, 295 (5th Cir.2005) (holding hearsay improper summary-judgment evidence). In any event, based on the summary-judgment record, and viewing the summary-judgment evidence in the light most favorable to Cole, her conclusory and unsubstantiated allegations are insufficient to create a genuine issue of material fact in the light of the eyewitness evidence provided by KLC that the incident occurred suddenly, without warning, and could not have been prevented. *See, e.g., Batiste v. Iberia Parish Sch. Bd.,* 401 So.2d 1224, 1228 (La.App. 3d Cir.1981) (holding student stabbing another with ballpoint pen unforeseeable action which could *not* have been prevented with increased supervision). For the following reasons, Cole has failed to create a genuine issue of material fact on whether lack of supervision caused the injury.

**a.**

It goes without saying that Cole's statement in her affidavit that an *unidentified* teacher told her she was on duty but did not see the incident does *not* cast doubt on the evidence provided by Lackings' affidavit. There, Lackings stated: *two* teachers were present in the room, although she could not identify the second teacher; and the incident was sudden, unforeseeable, and impossible to prevent. Comparing Lackings' affidavit with Cole's, Lackings' remains unrefuted: J.R. turned suddenly, accidentally hitting N.E. with the wooden block. Notably, Cole has failed even to approach rebutting this evidence. Cole fails to satisfy her summary-judgment burden on this point.

**b.**

Cole also maintains Annie Smith's statement to her, as provided in Cole's affidavit, that J.R. had behavioral problems and was suspended after the incident, creates a genuine issue on whether teachers were aware of a risk of injury and, therefore, had a duty to supervise J.R. more closely. The record is void of summary-judgment evidence, however, concerning J.R.'s behavioral problems, other than Cole's statement in her affidavit that Annie Smith told her that. Once again, this unsubstantiated statement is insufficient to satisfy her summary-judgment burden.

One incident of accidentally hitting another child is "insufficient to form any pattern for violence or enough to place the [teachers] on notice of a student's propensity to act inappropriately". *Oast,* 591 So.2d at 1260. *Coleman v. Joyner* held a school board was not liable when a student, with one prior disciplinary infraction, suddenly, and without warning, struck another student. 593 So.2d 451, 454 (La. App. 2d Cir.1992).

There is no competent evidence in the summary-judgment record suggesting teachers were aware of J.R.'s having any behavioral problems or were notified of a risk of injury to other children. *See id.*

(finding student's first altercation insufficient to put school board on notice of future violent behavior). In fact, Castrogiovanni and Edwards stated in their affidavits, submitted by KLC, that J.R. had *not* been involved in any similar incidents. Two witnesses, Edwards and Lackings, also stated in their affidavits that N.E. and J.R. played together often and were good friends. *See, e.g., id.* (noting duty to supervise may be greater where student involved has *known* behavioral problems). And, Lackings stated in her affidavit that, prior to incident, there was no rough-housing between the boys.

#### c.

Cole also relies on the statements in her affidavit that: on the day of the incident, she overheard *unidentified* teachers state that the school was understaffed; and, several weeks following the incident, she spoke with an *unidentified* teacher who told her that, at the time of the incident, KLC was understaffed and age groups were mixed. Cole contends this alleged understaffing rendered it necessary to watch students more closely. Again, these unsubstantiated statements do not create a genuine issue of material fact on whether lack of supervision caused the injury.

Cole has failed to create a genuine issue of material fact on whether KLC was understaffed on the day of the incident. According to Lackings' and Castrogiovanni's affidavits, at the time of the incident, the student-teacher supervisory ratio was in compliance with applicable state requirements.

Even if the facility were understaffed, however, Cole has failed to create a genuine issue of material fact on whether that was the cause of N.E.'s injury. *See, e.g., Batiste,* 401 So.2d at 1228. Based on this summary-judgment record, even if teachers had been standing directly next to the children when the incident occurred, Cole does not create a genuine issue of material fact on whether the injury could have been prevented, because she provides no summary-judgment evidence to challenge the accident's being sudden and unforeseeable. *Gordon v. Cornerstone Assembly of God Church,* 985 So.2d 762, 766 (La.App. 1st Cir.2008) (holding suddenness of act, without prior warning, was unforeseeable and left little, if any, time for adults to prevent it); *see also Nash v. Rapides Parish Sch. Bd.,* 188 So.2d 508, 510 (La.App. 3d Cir. 1966). Accordingly, "it could still not be said that plaintiff had [created a genuine issue of material fact regarding whether] there was any proximate cause whatsoever between a lack or absence of supervision and the alleged accident[ ]". *Nash,* 188 So.2d at 510.

Similarly, the alleged age-group mixing does not create a genuine issue of material fact on whether negligent supervision caused the incident. As noted by the district court, the alleged mixing is irrelevant because N.E. and J.R. were the same age.

#### 3.

Finally, as discussed, for liability to attach, the risk of injury must be: "foreseeable, constructively or actually known, and preventable if the requisite degree of supervision had been exercised". *Adams,* 631 So.2d at 73. Teachers are "not required to protect against risks that are unforeseeable". *Coleman,* 593 So.2d at 453; *see also Oast,* 591 So.2d at 1261 (finding no causal connection between lack of supervision and injury because student's actions spontaneous and unforeseeable).

Based on the summary-judgment record, Cole does not create a genuine issue of material fact regarding the incident's being "sudden, spontaneous, and completely unanticipated". *Oast,* 591 So.2d at 1259; *see, e.g., Adams,* 631 So.2d at 74–76.

Lackings' affidavit supports the incident's occurring suddenly and without warning. Castrogiovanni, Edwards, and Lackings all stated in their affidavits that they were unaware of any other incident with these blocks. As stated *supra*, there is no competent summary-judgment evidence either of horseplay or fighting between these two children or of such behavior prior to the incident. *See Wallmuth*, 813 So.2d at 348 (finding injury unforeseeable where no history of violence between the students).

Further, Edwards stated in her affidavit that she spoke with N.E. following the incident, who described it, as does Lackings, as a sudden and unforeseeable accident. Also in her affidavit, Edwards stated she spoke with J.R. following the incident, who described it similarly.

In sum, there is no summary-judgment evidence regarding whether the incident could have been prevented through the exercise of reasonable supervision. *E.g., id.* at 350 (finding school board not liable for student's injury "because it could not have, exercising reasonable supervision, prevented this incident from occurring"). Cole has failed to provide evidence to rebut that incidents like this "happen so quickly that unless there was direct supervision of every child (which we recognize as being impossible), the accident can be said to be almost impossible to prevent". *Nash*, 188 So.2d at 510; *see, e.g., Oast*, 591 So.2d at 1259; *Wallmuth*, 813 So.2d at 348.

### C.

■ The district court denied Cole's motion to alter or amend the judgment, ruling she failed to identify manifest errors of law or fact on causation. In support of her motion, Cole relied on the following in her affidavit in opposition to summary judgment, addressed *supra:* an *unidentified* teacher, on duty during the incident, told Cole she did *not* witness it; and *un-identified* teachers said that, at the time of the incident, KLC was understaffed. Cole contends these comments raise a genuine issue of material fact regarding how the incident occurred and whether understaffing led to N.E.'s injury.

Because Cole's motion was filed within 28 days of the summary judgment, it is treated as a Rule 59(e) motion. FED. R.CIV.P. 59(e); *see, e.g., Williams v. Thaler*, 602 F.3d 291, 303 n. 7 (5th Cir.), *cert. denied*, —— U.S. ——, 131 S.Ct. 506, 178 L.Ed.2d 376 (2010). Generally, the denial of a Rule 59(e) motion to alter or amend judgment is reviewed for abuse of discretion. *S. Constructors Group v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir.1993).

A Rule 59(e) motion serves to "correct manifest errors of law or fact or to present newly discovered evidence". *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989) (internal citation and quotation marks omitted). Because Cole presented no newly discovered evidence, and her claimed errors of law are addressed and rejected *supra*, the district court did not abuse its discretion in denying Cole's motion to alter or amend judgment.

### D.

Acknowledging the strong presumption of an award of costs in district court to the prevailing party, Cole concedes that, if the judgment is affirmed, the costs award should be upheld. Because the judgment is affirmed, the costs award is as well.

### III.

For the foregoing reasons, the judgment and subsequent costs award are AFFIRMED.