ELIZABETH ERNY FOOTE, UNITED STATES DISTRICT JUDGE
For the reasons assigned in the Report and Recommendation of the Magistrate Judge previously filed herein, and having thoroughly reviewed the record, no written objections having been filed, and concurring with the findings of the Magistrate Judge under the applicable law;
IT IS ORDERED that Plaintiff's Motion to Remand (Doc. 8) and Motion for Leave to File Amended Complaint (Doc. 9) are denied.
THUS DONE AND SIGNED at Shreveport, Louisiana, this the 31st day of October, 2018.
REPORT AND RECOMMENDATION
Mark L. Hornsby, U.S. Magistrate Judge
Introduction
Teshenna Blake ("Plaintiff") alleges that she was shopping at a Wal-Mart store in Bossier City when she was struck from behind by a tall pushcart that was being pushed by a Wal-Mart employee. Plaintiff filed suit in state court against Wal-Mart and alleged that the contact injured her neck, back, and left leg.
Wal-Mart did not immediately remove the case but, after it received discovery that indicated Plaintiff needed back surgery and anticipated medical expenses of over $125,000, Wal-Mart removed the case based on diversity jurisdiction. Plaintiff responded with (1) a Motion for Leave to Amend Complaint (Doc. 9) that proposes to add the diversity-destroying Wal-Mart employee as a new defendant and (2) a Motion to Remand (Doc. 8) on the grounds that the removal was untimely and that the addition of the non-diverse employee requires remand. For the reasons that follow, it is recommended that both of Plaintiff's motions be denied.
Timeliness of the Removal
A. Introduction
A defendant must file a notice of removal (1) within 30 days after service of the initial petition or (2), if the case stated by the initial petition is not removable, within 30 days after receipt of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b)(1) and (3).
*579 B. The Initial Petition
Service of the initial petition does not trigger the first removal period unless "that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992). Plaintiff's petition alleged unspecified injuries to her back, neck, and leg. In accordance with Louisiana law, the petition did not pray for a particular amount of damages. It asked for an award of reasonable damages in the standard categories such as past medical bills, lost wages, and the like. Plaintiff concedes that her initial petition did not contain sufficiently specific allegations that its service would trigger the removal clock. Doc. 8, p. 3.
Plaintiff's concession is in accordance with Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392 (5th Cir. 2013), where a pharmacist's original petition alleged wrongful termination and prayed for categories of damages such as lost wages, mental anguish, and attorney fees, but did not (per state law) specify an amount in controversy. The defendant moved the state court to order the plaintiff to specify the maximum amount at issue, and the plaintiff filed an amended petition that claimed $3,575,000 in damages. The Fifth Circuit held that the original petition did not trigger the removal period under Chapman despite the categories of damages claimed and the subjective knowledge of the former employer about the amount of salary at stake. The original petition did not reveal on its face that the plaintiff was seeking more than $75,000, so the removal period did not begin until the amended petition was filed. Mumfrey squarely prevents Plaintiff's initial petition in this case from triggering the removal period.
C. Other Paper
Wal-Mart was served with the original petition in state court on October 4, 2017. It did not remove the case until April 25, 2018. Wal-Mart asserted in its notice of removal that it did so after receiving on April 20, 2018 discovery responses that included medical bills and records that suggested the cost of a needed back surgery was approximately $127,476. The removal was made in accordance with the provision in Section 1446(b) for removal when "other paper" is served from which it may first be ascertained that the case is or has become removable.
Plaintiff argues that the removal was untimely because earlier discovery responses should have alerted Wal-Mart that the amount in controversy exceeded $75,000. Matters outside the formal pleadings, including a discovery response, may constitute "other paper" and trigger the removal clock. SWS Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996) (deposition transcript); Addo v. Globe Life & Acc. Ins. Co., 230 F.3d 759 (5th Cir. 2000) (settlement letter); and Cole ex rel. Ellis v. Knowledge Learning Corp., 416 F. Appx. 437, 440 (5th Cir. 2011) ("A discovery response may constitute an 'other paper' under the federal removal statute.").
Whatever the form of the other paper, it does not trigger the removal period under Section 1446(b)(3) unless "the information supporting removal" in the paper is "unequivocally clear and certain" that the facts now support removal. Bosky v. Kroger Texas, LP, 288 F.3d 208, 211 (5th Cir. 2002), clarified in Mumfrey, 719 F.3d at 400 ; Morgan v. Huntington Ingalls, Inc., 879 F.3d 602, 609 (5th Cir. 2018). " Bosky should be read as imposing a trigger for the second removal period that is at least as strict as that set forth in Chapman ."
*580 Smith v. Wal-Mart Louisiana, LLC, 2013 WL 4781778, *3 (W.D. La. 2013) (Hayes, M.J.)
Plaintiff points to a number of earlier discovery responses that she argues could have triggered the removal period. She served answers to interrogatories and responses to requests for production on November 30, 2017 (more than four months before removal) that included medical records from Dr. Mody that noted that injections were discussed and scheduled, a lumbar MRI showed a disk injury to the L4-5 disk, and medical expenses totaled $19,681.34.
Plaintiff served Wal-Mart with her second supplemental discovery responses on January 15, 2018 (more than three months before removal) and included more medical records and an indication that her medical expenses had risen to $25,970.34. Dr. Mody had performed an epidural steroid injection, and Dr. Hirsch, a pain specialist, was recommending future facet injections.
Plaintiff served her fourth supplemental discovery responses on March 2, 2018 (54 days before removal). They included evidence that medical expenses had risen to $29,459.34. Dr. Hirsch noted in the records that he was planning two additional lumbar facet injections. Wal-Mart states that defense counsel took Plaintiff's deposition on March 29, 2018. Plaintiff testified that she was not sure she wanted back surgery, and she had not yet had a diskogram.
The medical reports and other discovery responses served on Wal-Mart, to this point, provided facts that might have supported Wal-Mart's burden of establishing the amount in controversy if Wal-Mart had chosen to remove the case at an earlier time. But nothing in those responses made an express demand for more than $75,000, evidenced medical bills exceeding that amount, or otherwise made it unequivocally clear and certain that more than $75,000 was at stake. Accordingly, the discovery responses did not mandate that Wal-Mart remove within 30 days or see its right to remove be waived.
Just because a defendant has information that it could use to remove a case and perhaps establish the requisite amount in controversy does not mean that the removal period is triggered and the defendant must do so at that time. Mumfrey, 719 F.3d at 400 n.13. Plaintiff argues that Louisiana quantum decisions can be found that would support an award of more than $75,000 for similar injuries, but that does not trigger the removal period. To the contrary, "the necessity of independent research to ascertain the amount in controversy shows the discovery responses were not 'unequivocally clear and certain'." Cole ex rel. Ellis, 416 F. Appx. at 440.
Wal-Mart later received discovery responses that indicated anticipated medical expenses of more than $127,000. It was not until Wal-Mart received those discovery responses that it became unequivocally clear and certain that the amount in controversy exceeded $75,000. Wal-Mart then removed the case within 30 days.
D. Conclusion
"The two competing goals of the removal statute are both to encourage prompt, proper removals and to prevent hasty, improper removals." Morgan v. Huntington Ingalls, Inc., 879 F.3d 602, 610 (5th Cir. 2018). The rules of Chapman and Bosky were designed to prevent hasty, improper removals by assuring nervous defendants that they need not remove a case until the plaintiff makes it clear and unequivocal that she is seeking more than $75,000. Before the rules were better settled, premature or protective removals and related challenges to the amount in controversy wasted a good deal of the court's time. The rules now protect a defendant *581 who does not prematurely remove a case from losing the federal forum based on untimeliness, and they avoid the wasted resources often associated with such early removals.
The original petition did not trigger the removal period under Chapman. There was no "other paper" served outside the 30 days prior to the removal by Wal-Mart that made it unequivocally clear and certain that Plaintiff was seeking more than $75,000. The removal is not subject to a timeliness challenge. This conclusion is supported by the recent Report and Recommendation, adopted by Chief Judge Hicks, in Kelly v. Lowe's Home Centers, LLC, 18-cv-0397 (W.D. La.) (unpublished), a case in which similar facts were presented.
Leave to Amend
Plaintiff's state court petition named Wal-Mart as the sole defendant. Plaintiff apparently made no effort to amend her petition during the seven months the case was pending in state court, but within 30 days after removal she sought leave to add new defendant Lachandra Manning, the Wal-Mart employee who was involved in the accident. Wal-Mart objects that the request serves no purpose but to destroy diversity jurisdiction and deprive Wal-Mart of a federal forum.
If, after removal, a plaintiff seeks to join a new defendant whose joinder would destroy subject matter jurisdiction, the court may (1) deny joinder or (2) permit joinder and remand the case. 28 U.S.C. § 1447(e). The court's decision of the issue is guided by the factors set forth in Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987). Although leave to amend is ordinarily freely granted, Hensgens instructs that when a district court is faced with an amendment that adds a non-diverse party it "should scrutinize that amendment more closely than an ordinary amendment." Id. at 1182.
The court must balance the defendant's interests in maintaining the federal forum with the competing interest of not having parallel lawsuits. Factors to be considered include (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities. Hensgens, 833 F.2d at 1182 ; Hawthorne Land Co. v. Occidental Chemical Corp., 431 F.3d 221, 227 (5th Cir. 2005).
Plaintiff filed her original petition in late September 2017. Wal-Mart served discovery responses on Plaintiff on January 3, 2018 that, in multiple answers, identified Lachandra Manning as an employee who was a witness. The discovery responses also stated that Manning had given a written statement after the accident, and the statement was attached. Doc. 17, Exhibit A, p. 6. The written statement by Ms. Manning clearly identifies her as the person who was pushing a cart that bumped into Plaintiff. Doc. 8, Exhibit 3. Accordingly, Plaintiff knew the identity of the Wal-Mart employee involved in the accident as early as January 3, 2018, but she did not make any effort to add the employee as a defendant until after Wal-Mart filed its notice of removal in late April 2018.
Plaintiff has not been dilatory in the sense that a deadline to amend pleadings has passed, but her lack of interest with respect to Ms. Manning until after the case was removed is dilatory within the meaning of Hensgens. The delay supports an inference that the purpose of the proposed amendment is to defeat diversity jurisdiction. Plaintiff does not articulate any reason she now wishes to name Manning *582 as a defendant. She states only that she has a "clear right to sue the tortfeasor" under Louisiana tort law and that she did not know the identity of the employee until it was revealed in discovery. As shown above, that revelation happened some time ago, but no action followed.
Plaintiff contends that she may be required to file a separate action against the employee in state court, which would result in inefficient parallel litigation. Wal-Mart agrees in its memorandum that Ms. Manning was acting in the course and scope of her employment so that Wal-Mart would be vicariously liable for any tort committed by Manning. Doc. 17, pp. 8-9. The undersigned finds that it is very unlikely that Plaintiff would actually bother to file a separate suit against Ms. Manning in state court in these circumstances. Wal-Mart is one of the biggest companies in the world, and there is no indication that it would be unable to satisfy any judgment in this case. It litigates in this court on a regular basis, and the court is not aware of any instance in which Wal-Mart has not satisfied the terms of a settlement agreement or a judgment against it.
The court has sometimes allowed the addition of a previously-unidentified employee even when it would destroy diversity. One consideration has been whether the employee is alleged to be an active tortfeasor, not just an uninvolved manager or other supervisor who is likely immune from personal liability under Canter v. Koehring Co., 283 So.2d 716, 721 (La. 1973). That consideration is satisfied here. Another typical consideration is the potential solvency of the employer-defendant and the availability of insurance. The employers in some cases are small companies that could become insolvent or struggle to pay a judgment. There is no indication that is a concern in this case, nor is there any suggestion the Wal-Mart employee would have any meaningful assets or available insurance should Wal-Mart fail or go bankrupt.
After considering all of the Hensgens factors, the undersigned finds that the balance weighs against granting leave to amend and destroying federal jurisdiction. This is consistent with of other decisions from the Western District of Louisiana in which plaintiffs have attempted to add store employees and destroy diversity in similar merchant liability cases. See, e.g., Floyd v. Wal-Mart Louisiana, LLC, 2010 WL 1875733 (W.D. La. 2010) (Hayes, M.J.), aff'd, 2010 WL 2710649 (W.D. La. 2010) (Hicks, J.); Gilchrist v. Sam's East, Inc., 2015 WL 3458165, *2 (W.D. La. 2015) (Drell, J.); and McConathy v. Wal-Mart Louisiana, LLC, 17-cv-0622 (Hayes, M.J.). There are circumstances where allowing leave to add a diversity-destroying employee as a defendant will be appropriate, but those circumstances are not present here. The timing of the proposed amendment and other factors discussed above suggest strongly that the principal reason for attempting to add the Wal-Mart employee is to destroy diversity and achieve remand. The close scrutiny required by Hensgens suggests that the request should be denied.
Accordingly,
IT IS RECOMMENDED that Plaintiff's Motion to Remand (Doc. 8) and Motion for Leave to File Amended Complaint (Doc. 9) be denied.
Objections
Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A *583 party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.
A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).
THUS DONE AND SIGNED in Shreveport, Louisiana, this 21st day of September, 2018.